IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EARL WARNER,<br><br>    Plaintiff,<br><br>vs.<br><br>MATTHEW L. CATE, et al.,<br><br>    Defendants.                   / | No. C 11-05039 YGR (PR)<br><br>**ORDER DIRECTING PLAINTIFF TO FILE A NOTICE OF INTENT TO PROSECUTE** |

      On October 13, 2011, Plaintiff filed this *pro se* civil rights complaint pursuant to 28 U.S.C. § 1983. On May 8, 2012, the undersigned judge issued an Order of Service, finding that the complaint stated certain cognizable claims against some of the named Defendants. On May 23, 2012, the Court's Order of Service was returned to the Court with a notation that it was undeliverable because it was "unclaimed." (Docket No. 17.) There is also a handwritten notation stating "I/M Trans," which the Court assumes means that Plaintiff has been transferred to another institution.

      To date, Plaintiff has not updated his address with the Court or submitted any further pleadings in this case. However, the Court notes that on July 12, 2012, Plaintiff filed another civil rights action pursuant to 28 U.S.C. § 1983. *See* Case No. C 12-3657 YGR (PR). Plaintiff initiated the latter action from R. J. Donovan Correctional Facility in San Diego, California, to which institution it appears he has been transferred.

      Pursuant to Federal Rule of Civil Procedure 41(b), a district court may *sua sponte* dismiss an action for failure to prosecute or to comply with a court order. *See Link v. Wabash R.R.*, 370 U.S. 626, 633 (1962); *McKeever v. Block*, 932 F.2d 795, 797 (9th Cir. 1991). But such a dismissal should only be ordered when the failure to comply is unreasonable. *See id.* A court should afford the litigant prior notice of its intention to dismiss. *See Malone v. United States Postal Serv.*, 833 F.2d

128, 133 (9th Cir. 1987). Pursuant to Northern District Local Rule 3-11 an attorney or party proceeding *pro se* whose address changes while an action is pending must promptly file and serve upon all opposing parties a notice of change of address specifying the new address. *See* L.R. 3-11(a). The Court may, without prejudice, dismiss an action when: (1) mail directed to the attorney or the *pro se* party by the Court has been returned to the Court as not deliverable and (2) the Court fails to receive within sixty days of this return a written communication from the attorney or *pro se* party indicating a current address. *See* L.R. 3-11(b).

It has now been more than sixty days since the Court's notification was returned as undeliverable. The Court has not received a notice from Plaintiff of a new address. However, as mentioned above, Plaintiff has recently instituted a new civil action in which he mailed his complaint and other initial filings from a new address. It seems that Plaintiff has been transferred to and is now incarcerated at the R. J. Donovan Correctional Facility.

In light of the foregoing, Plaintiff shall inform the Court of his continued intent to prosecute *this* action no later than **twenty-eight (28) days** from the date of this Order. Failure to timely do so shall result in *dismissal of this action without prejudice* under Federal Rule of Civil Procedure 41(b).

The Clerk of the Court shall update Plaintiff's address and mail this Order to:

> Earl Warner
> E-32637
> R. J. Donovan Correctional Facility
> P.O. Box 799002
> San Diego, CA 92179-9002

IT IS SO ORDERED.

DATED:   August 21, 2012

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**