UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EARL WARNER,

    Plaintiff,

v.

MATHEW L. CATE, et al.,

    Defendants.

Case No. 11-cv-05039-YGR (PR)

**ORDER ACCEPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE; AND DENYING PLAINTIFF'S MOTION TO ENFORCE SETTLEMENT**

Before the Court is Plaintiff's motion to enforce settlement in this closed case, in which he states that he wishes to reopen this action on the grounds that Defendants have either breached the settlement agreement, or induced the settlement by fraud. Dkt. 57.

The Court previously referred Plaintiff's motion to enforce settlement to Magistrate Judge Nandor Vadas ("the Magistrate") for a report and recommendation. Thereafter, the Magistrate issued his report and recommendation in which he stated as follows:

> The undersigned held a settlement conference in this case on May 23, 2013, at which the case was settled. (Doc. 52.) On June 28, 2013, the parties filed a Stipulation for Voluntary Dismissal with Prejudice of this action. (Doc. 53.) On July 15, 2013, Judge Gonzalez Rogers entered an Order Dismissing Action with Prejudice. (Doc. 54.) The Clerk entered judgment the same day. (Doc. 55.) Nearly four years later, Plaintiff filed the present motion for enforcement of the settlement agreement. (Doc. 57.)
>
> Federal Courts are courts of limited jurisdiction; they possess only that power authorized by the Constitution and statue. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 378 (1994.) [F]ederal courts do not have inherent or ancillary jurisdiction to enforce a settlement agreement simply because the subject of that settlement was a federal lawsuit." *O'Connor v. Colvin*, 70 F.3d 530, 532 (9th Cir. 1995) (citing *Kokkonen*, 511 U.S. at 379). Rather, a motion to enforce the settlement agreement is a separate contract dispute requiring its own independent basis for jurisdiction. *Id.* A federal district court retains jurisdiction to enforce a settlement agreement only when there is an independent basis for jurisdiction, or the district court expressly reserves jurisdiction, or incorporates the terms of the settlement agreement in the dismissal. *O'Connor*, 70 F.3d at 532-33 (explaining that a court's mere awareness and approval of the terms of a settlement agreement is insufficient to create ancillary jurisdiction).

None of these exceptions applies here. Plaintiff's motion claims a breach of contract, which is a matter for state courts. *Kokkonen*, 70 F.3d at 382. Additionally, the court's July 15, 2013 dismissal order does not expressly retain jurisdiction, nor does it expressly incorporate the terms of the settlement agreement. (Doc. 54.) The undersigned finds, therefore, that the court lacks jurisdiction to enforce the settlement agreement.

Moreover, even if Plaintiff's motion could be construed as a motion for relief under Federal Rule of Procedure 60(b), Plaintiff's motion is untimely. A Rule 60(b) motion must be made within a reasonable time, and no more than a year after entry of the judgment if the motion is based on fraud, misrepresentation, or misconduct by an opposing party. Fed. R. Civ. Proc. 60(c)(1). Here, Plaintiff appears to argue that Defendants either breached the settlement agreement, or induced the settlement by fraud by changing the California Department of Corrections and Rehabilitation's kosher meals vendor in April 2013. (Doc. 57 at 3.) But despite knowing of the vendor change in 2013, and choosing to withdraw from the kosher food program on May 24, 2014, Plaintiff did not file the present motion until 2017. (*Id.* at 5.) As a result, the undersigned finds that Plaintiff's motion is untimely under Rule 60(c). For these same reasons, the undersigned finds that Plaintiff's motion is untimely under Rule 60(b)(6).

### CONCLUSION

Based on the foregoing, the undersigned recommends that the court dismiss Plaintiff's motion for lack of jurisdiction, or alternatively, as untimely under Rule 60(c) and Rule 60(b)(6). Any party may file objections to this report and recommendation with the presiding judge within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b); N.D. Cal. Civ. L.R. 72-3. Failure to file objections within the specified time may waive the right to review of the issue by the presiding judge.

Dkt. 61 at 1-2.

Any objections to a report and recommendation must be filed within fourteen days of receipt thereof. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1); Civ. L.R. 72-2, 72-3. The district court must "make a de novo determination of those portions of the report to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also* Civ. L.R. 72-3(a) (requiring that any objections be accompanied by a motion for de novo determination).

Pursuant to Civil Local Rule 72-2, Plaintiff must title his objections as a "Motion for Relief from Nondispositive Pretrial Order of Magistrate Judge." The Local Rules further specify as follows:

> The motion must specifically identify the portion of the magistrate judge's order to which objection is made and the reasons and authority therefor. The motion may not exceed 5 pages (not counting declarations and exhibits), and must set forth specifically the portions of the Magistrate Judge[']s findings, recommendation or report to which an objection is made, the action requested and the reasons supporting the motion and must be accompanied by a proposed order.

Civ. L.R. 72-2. In the event the plaintiff fails to comply with the foregoing, the Court need not consider his challenge to the magistrate's report and recommendation. *See Tri-Valley CARES v. U.S. Dept. of Energy*, 671 F.3d 1113, 1131 (9th Cir. 2012); ("Denial of a motion as the result of a failure to comply with local rules is well within a district court's discretion."); *Grove v. Wells Fargo Fin. Cal., Inc.*, 606 F.3d 577, 582 (9th Cir. 2010) (upholding district court's denial of motion to tax costs which was not in compliance with the court's local rules).

After being granted an extension of time to do so, Plaintiff has submitted a timely objection to the Magistrate's Report and Recommendation. Dkt. 64. Defendants have also filed a response. Dkt. 66.

The Court reviews the Magistrate's legal conclusions de novo. *See Lorin Corp. v. Goto & Co., Ltd.*, 700 F.2d 1202, 1206 (9th Cir. 1983).

The record shows that Plaintiff did not file his motion to enforce until March 22, 2017, which is, as the Magistrate has correctly pointed out, "nearly four years" after the July 15, 2013 entry of judgment. *See* Dkt. 61 at 1. Plaintiff argues that the Court maintains jurisdiction because the Magistrate signaled intent to retain jurisdiction by setting a status conference for July 16, 2013, following the May 23, 2013 settlement conference. *See* Dkt. 52. However, the Ninth Circuit has explained that ancillary jurisdiction can only be maintained when the district court expressly reserves jurisdiction or incorporates the terms of the settlement agreement in the dismissal order. *See O'Connor v. Colvin*, 70 F.3d 530, 532 (9th Cir. 1995). Neither was done by this Court in the instant matter, and thus it could not have maintained ancillary jurisdiction. *See id.* The Court further finds irrelevant Plaintiff's remaining arguments (including (1) his reliance on a series of cases involving the standards for imposing sanctions and awarding attorneys' fees following a settlement, and (2) the dismissal of his subsequent complaint as duplicative in Case No. 16-4345

3

YGR (PR)[1]) because they do not address the issue of jurisdiction over a settlement agreement's enforcement. *See* Dkt. 64 at 2-3. Thus upon its de novo review, the Court finds no error in Magistrate's recommendation that Plaintiff's motion to enforce the settlement be denied. The Court therefore adopts the Report and Recommendation in full, including the Magistrate's conclusion that this Court "lacks jurisdiction to enforce the settlement agreement." Dkt. 61 at 2.

Even if Plaintiff's motion could be construed as a motion for relief under Federal Rule of Procedure 60(b), the Magistrate has made an alternative finding that such a motion is untimely under Rule 60(c) and 60(b)(6). *See id.* at 2. As mentioned above, Civil Local Rule 72-2 requires Plaintiff to "specifically the portions of the Magistrate Judge[']s findings, recommendation or report to which an objection is made, the action requested and the reasons supporting the motion and must be accompanied by a proposed order." Civ. L.R. 72-2. However, Plaintiff does not address the Magistrate's finding that Plaintiff's motion is untimely under Rule 60(c) and (b)(6). *See* Dkt. 64. Although Plaintiff is *pro se*, he remains subject to the same rules and procedures as a represented party. *See Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) (per curiam). The failure to comply with the Local Rules, standing alone, warrants the adoption of the Magistrate's Report and Recommendation and the denial of Plaintiff's motion to enforce on this basis as well. *Tri-Valley CARES*, 671 F.3d at 1131.

## CONCLUSION

The Court has reviewed Magistrate's Report and Recommendation, as well as Plaintiff's objection and Defendants' response. The Court finds the Report and Recommendation correct, well-reasoned and thorough. In particular, the Court concurs with the Magistrate's assessment that this Court "lacks jurisdiction to enforce the settlement agreement." *Id.*

Accordingly, IT IS HEREBY ORDERED THAT the Magistrate's Report and Recommendation (Dkt. 61) is ACCEPTED and shall become the Order of this Court. Therefore, the Court ADOPTS the Magistrate's recommendation and DENIES Plaintiff's motion to enforce the settlement. Dkt. 57.

---

[1] Plaintiff does not cite any statute or case law showing dismissal of his other complaint as duplicative, *see* Case No. 16-4345 YGR (PR), is an independent basis for jurisdiction.

United States District Court
Northern District of California

This Order terminates Docket Nos. 57 and 61.

IT IS SO ORDERED.

Dated: November 20, 2017

_____
YVONNE GONZALEZ ROGERS
United States District Judge